UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| SENTRY SELECT INSURANCE COMPANY § § § | |
| v. § | CIVIL ACTION NO. 7:20-cv-00016 |
| § | |
| HOME STATE COUNTY MUTUAL § COMPANY, SNAP INSURANCE SERVICE, § LLC, JUAN ANTONIO ORTIZ RAMIREZ, § AND ZUSUKY ORTIZ AKA ZUZUKI ORTIZ § | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Sentry Select Insurance Company ("Sentry"), files this Complaint for Declaratory Judgment, seeking a declaratory judgment that it has no duty to defend or indemnify Juan Antonio Ortiz Ramirez (hereinafter referred to as "Ramirez") concerning a lawsuit filed against him by Zusuky Ortiz a/k/a Zuzuki Ortiz (hereinafter referred to "Ortiz"). In support of this complaint, Sentry would show the following:

1.

Sentry is a citizen of the State of Wisconsin, being an insurance company incorporated in the State of Wisconsin, and having its principal place of business in the State of Wisconsin.

2.

Defendant, Home State County Mutual Insurance Company (hereinafter referred to as "Home State"), is a domestic insurance company incorporated in the State of Texas and maintaining its principal office in the State of Texas, who has not appointed any registered agent for service of process. As such, under Section 804.101(b) of the Texas Insurance Code, Home State may be served by summons by service on its President, Jennifer Davis Huddleston, at 15443 Knoll Trail, Suite 110,

Dallas, Texas, 75248, or by leaving a copy of the summons during normal business hours at Home State's home office and/or principal office located at 4315 Lake Shore Drive, Suite J, Waco, Texas 76710.

3.

Defendant, Snap Insurance Service, LLC (hereinafter referred to as "Snap"), is a citizen of the State of Texas, being a limited liability company formed under the laws of the State of Texas, whose members, John C. McKinney, Michael Daul and Jason Evans, are all domiciled in the State of Texas. Defendant Snap may be served with summons by service on its registered agent for service or process, Scott Graham Ball, at 315 Ranch Trail, Rockwall, Texas 75032.

4.

Defendant, Juan Antonio Ortiz Ramirez, is a citizen of the State of Texas, being an individual domiciled in the State of Texas, who may be served with summons at 2804 Milan Drive, Mission, Texas 78574.

5.

Defendant, Zusuky Ortiz a/k/a Zuzuki Ortiz, is a citizen of the State of Texas, being an individual domiciled in the State of Texas, who may be served with summons at 4712 N. Doofing Road, Mission, Texas 78574.

6.

This is an action for declaratory judgment pursuant to Title 28, United States Code, § 2201 *et seq*. Sentry seeks a determination of question(s) of actual controversy between the parties as hereinafter stated. Jurisdiction of this action is based upon Title 28, United States Code § 1332(a), there being diversity of citizenship between the parties and the amount in controversy exceeds

$75,000; exclusive of interest and costs.

7.

Venue is properly placed under Title 28, United States Code § 1391.

## BACKGROUND FACTS

8.

Ortiz had purchased a used Kia Forte 2 door coupe, VIN# KNAFW6A33A5138699, from Clark Knapp Honda located in Pharr, Texas. The same day Ms. Ortiz drove off with the vehicle, she returned it, because the air conditioner to the car was not working. Ortiz was given a 2015 Hyundai Elantra by the dealership to use as a loaner while the Kia Forte she had just purchased from Clark Knapp Honda was being repaired by Clark Knapp Honda.

9.

On or about August 14, 2016 Ortiz was involved in an accident in the Hyundai loaner vehicle. The accident occurred in the 700 block of South Alton Boulevard, Alton, Hidalgo County, Texas. The car was being driven at the time by Ortiz's brother, Ramirez. The accident was a one car accident where Ramirez lost control of the vehicle, resulting in the vehicle crashing and injuring Ortiz and a minor at the time, Sky Drem Ortiz, who were passengers in the vehicle at the time.

10.

A Personal Auto Liability Policy was issued by Home State to Ortiz insuring the used Kia automobile (VIN# KNAFW6A33A5138699) which Ortiz purchased from Clark Knapp Honda. This policy was Policy No. SN11047444-000, and was in effect at the time of the August 14, 2016 auto accident described above. A true and correct copy of that policy is attached as Exhibit "A" to this complaint. That policy issued by Home State to Ortiz was administered and underwritten by Snap.

The application to the Home State/Snap policy, which is made a part of the Home State/Snap policy, provides for limits of $30,000 each person, $60,000 each accident, and $25,000 property damage, which are the minimum auto liability limits required by Texas law.

11.

As a result of the August 14, 2016 auto accident, Ortiz individually and on behalf of Sky Drem Ortiz, filed suit against various parties, including Ramirez. That lawsuit is Cause No. C-4004-16-G, entitled *Zusuky Ortiz and Sky Drem Ortiz v. Clark Knapp Motor Company, L.C. d/b/a Clark Knapp Honda et. al.*, which is currently pending in the 370th Judicial District Court of Hidalgo County, Texas (which lawsuit is hereinafter referred to as the "Underlying Lawsuit"). A copy of the current live pleading filed by the Ortiz plaintiffs in the Underlying Lawsuit are attached as Exhibit "B".

12.

Various allegations of negligence are asserted in the Underlying Lawsuit against Ramirez. Sentry has filed this declaratory judgment action to seek a declaratory judgment that it has no duty to defend or indemnify Ramirez concerning the Underlying Lawsuit, for the reasons set forth below.

## THE SENTRY POLICY - PRIMARY COVERAGE

13.

The Sentry policy involved in this matter is Policy No. 25-40769-05, which was issued to Clark Knapp Honda, who is the named insured on that policy. That policy contains primary, excess and umbrella coverages. The primary auto liability coverage of the Sentry policy provides in pertinent part as follows:

      D.    COVERED AUTOS LIABILITY COVERAGE

1.  COVERAGE

    We will pay all sums an "insured" legally must pay as damages, including punitive damages where insurable by law, because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos".

    ...

    We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered "Autos" Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

14.

Ramirez is not a named insured or additional insured under the Sentry policy. The only way Ramirez could qualify as an insured under the Sentry policy would be under the "WHO IS AN INSURED" portion of the policy. The only part of the "WHO IS AN INSURED" provision under which Ramirez could possibly qualify as an insured would be under subpart (6), which makes anyone else required by law to be an insured while using a covered "auto" which Sentry's named insured (Clark Knapp Honda) owns, hires or borrows, if the use is within the scope of Clark Knapp Honda's permission.

15.

Ramirez was not given permission by Clark Knapp Honda to drive the Hyundai loaner

vehicle provided to Ortiz, so he would not qualify as an insured under the Sentry policy. Therefore, Sentry would not owe any duty to defend or indemnify Ramirez concerning the Underlying Lawsuit. Even if Ramirez would constitute a permissive user of that loaner vehicle, he would not be entitled to coverage under the Sentry policy. The permissive user coverage of the Sentry policy would not be available to Ramirez, because Ortiz's personal auto policy with Home State/Snap which was in effect at the time of the August 14, 2016 accident would prelude the Sentry policy from providing any coverage to Ramirez.

## **SENTRY STEP DOWN PROVISION**

16.

The Texas Insurance Code has specific provisions dealing with "Garage Insurance" that are directly relevant to this case. These provisions are Sections 1952.251 and 1952.252, which provide as follows:

> **§ 1952.251. Definitions**
>
> In this subchapter:
>
> (1) "Garage customer" means a person or organization other than:
>
>     (A) the named insured under a garage insurance policy;
>
>     (B) an employee, director, officer, shareholder, partner, or agent of the named insured; or
>
>     (C) a resident of the same household as:
>
>         (i) the named insured; or
>
>         (ii) an employee, director, officer, shareholder, partner, or agent of the named insured.

>       (2)     "Garage insurance" means automobile insurance as defined by Article 5.01 issued to a named insured who is engaged in the business of selling, servicing, or repairing motor vehicles as defined by commissioner rule or order.
>
> **§ 1952.252.    Garage Insurance**
>
>       (a)     A garage insurance policy may provide that a garage customer is not an insured under the policy and that the coverage under the policy does not apply to a garage customer except to the extent that any other insurance coverage that is collectible and available to the garage customer is not equal to the minimum financial responsibility limits specified by Chapter 601, Transportation Code.
>
>       (b)     Notwithstanding any provisions to the contrary in another insurance policy as to whether the insurance coverage described by Subsection (a) that is provided under that policy is primary, excess, or contingent insurance, or otherwise, the other insurance coverage is the primary insurance as to the garage customer.
>
>       (c)     A garage insurance policy containing a provision described by Subsection (a) may not cover a garage customer except to the extent permitted by this section, notwithstanding the terms of the other insurance policy providing coverage described by Subsection (a).

                                  17.

The Sentry policy complies with Section 1952.252. Section 1952.252 was written to encompass a garage policy, like the Sentry policy, which provides minimum coverage for a customer, i.e., permissive users, if the customer does not have insurance in the minimum amount required by law. A garage policy is required to have such permissive user coverage because Section 601.076 of the Texas Transportation Code requires any owner's auto insurance policy to have liability limits in the minimum amount required by law to cover any person using the owner's auto

with express or implied permission. The Sentry policy complies with Section 1952.252 of the Texas Insurance Code by the following clause contained in the LIMIT OF INSURANCE provision:

> b. The most we will pay for "Contract Drivers" and anyone required by law to be an "insured" for use of a covered "auto" is that portion of the Limit of Insurance for covered "Autos" Liability Coverage that is needed to comply with the minimum limits provision of the law in the jurisdiction where the "accident" took place. When there is other insurance applicable to the "accident", we will only pay the amount needed to comply with these minimum limits after the other insurance is exhausted.

18.

The LIMIT OF INSURANCE provision of the Sentry policy quoted above is one commonly found in garage liability policies. This provision is commonly referred to as a "step-down" provision, and which has been uniformly enforced by courts. The Sentry LIMIT OF INSURANCE provision would be enforced under Texas law. The Sentry policy accomplishes the very thing allowed by Section 1952.252, which is that permissive users of garage vehicles are guaranteed only the minimum auto liability limits, and only to the extent the permissive user does have sufficient insurance on his own to meet the minimum liability limits required by law. Section 1952.252 gets to this position by allowing garage customers to be excluded from being insureds under the policy, unless other available insurance to the permissive user is "not equal to the minimum financial responsibility limits" set by Texas law. The Sentry policy does the same thing, as for permissive users, it will only pay the amount needed to comply with the minimum liability limits after the other insurance is exhausted. Thus, the Sentry policy tracks the language of Section 1952.252(a).

19.

Section 1952.252 shows that the Texas legislature intended for a driver's liability policy to

provide coverage on vehicles rented or borrowed from garage operators. The legislature plainly intended for a garage policy to only provide excess coverage up to the statutory minimum, if necessary, as Section 1952.252 states that the driver's policy (i.e., the "other insurance") is to be primary and that the garage policy "may not cover a garage customer except to the extent permitted by this section," meaning that the garage policy cannot provide more than may be necessary to meet the statutory minimum of coverage.

20.

Under Insurance Code Section 1951.251, Ramirez would constitute a garage customer for purposes of that statute, since he is a person who is not the named insured under the Sentry policy, or an employee, director, officer, shareholder, partner, or agent of the named insured, or a resident of the same household as the named insured or an employee, director, officer, shareholder, partner, or agent of the named insured. The Sentry policy would constitute "garage insurance", as it is automobile insurance as defined by Insurance Code Article 5.01 issued to a named insured (Clark Knapp Honda) who is engaged in the business of selling, servicing, or repairing motor vehicles. As such, Sentry would owe no coverage to Ramirez, because of the auto liability policy Ortiz had with Home State/Snap, which policy was in effect at the time of the August 14, 2016 auto accident involved in the Underlying Lawsuit.

## **HOME STATE/SNAP POLICY**

21.

The Personal Auto Liability Policy (No. SN11047444-000) issued by Home State/Snap to Ortiz insuring the Kia auto (VIN# KNAFW6A33A5138699) purchased by Ortiz from Clark Knapp Honda was in effect at the time of the August 14, 2016 auto accident involved in the Underlying

Lawsuit. That policy has liability limits of $30,000 each person, $60,000 each accident, and $25,000 property damage, which are the minimum liability limits required by Texas law.

22.

The Home State/Snap policy provides liability coverage for any "covered person" legally responsible for bodily injury or property damage because of an auto accident. The term "covered person" in the Home State/Snap policy means: (1) the named insured or any "family member" for the ownership, maintenance or use of any auto or trailer; or (2) any person using "your covered auto", which is the named insured's auto listed in the declarations.

23.

A "family member" is defined in the Home State/Snap policy as a person who is a resident of the named insured's household and is related to the named insured by blood, marriage or adoption. Ramirez is Ortiz's brother, such that if he was a resident of Ortiz's household at the time of the accident, he would constitute a family member and be covered for the use of any auto. Even if Ramirez was not a resident of Ortiz's household at the time of the accident, he would still constitute a "covered person" under the Home State/Snap policy, as the loaner vehicle which he was driving at the time of the accident would constitute a "your covered auto" under the Home State/Snap policy.

24.

The Home State/Snap policy defines "your covered auto" as including any auto or trailer which the named insured does not own while used as a temporary substitute for any other vehicle described in the definition of "your covered auto" which is out of normal use because of its: (1) breakdown; (2) repair; (3) servicing; (4) loss; or (5) destruction. Here, the loaner vehicle would constitute a temporary substitute for Ortiz's Kia vehicle, which is shown in the Declarations of the

Home State/Snap policy. Since Ortiz's vehicle insured under her Home State/Snap policy was out of normal use because of its breakdown and/or repair, the loaner vehicle provided by Clark Knapp Honda would constitute "your covered auto" under the Home State/Snap policy. This would mean that regardless of whether Ramirez would qualify as a "family member" under the Home State/Snap auto policy, he would still constitute any person using "your covered auto" under the Home State/Snap policy at the time of the accident, so that Ramirez would constitute a "covered person" under the Home State/Snap policy.

25.

Although the Home State/Snap policy does contain an excluded driver endorsement. This endorsement excludes Katherine Lou Elefano, Antonto Principe Elefano, and Jesus Chavarria from coverage. Such endorsement does not exclude Ramirez from coverage, nor is there any other endorsement in the Home State/Snap policy that makes Ramirez an excluded driver. Ramirez would therefore constitute a "covered person" under the auto liability coverage of the Home State policy.

26.

Although the Home State/Snap policy does contain a family member exclusion to the liability coverage, such exclusion only applies to liability that is above the minimum limits of liability coverage required by Texas law set forth in Texas Transportation Code Section 601.072. The reason the exclusion is worded this way is because of *Liberty Mut. Fire Ins. Co. v. Sanford*, 879 S.W.2d 9 (Tex. 1994), where the Texas Supreme Court held a family member exclusion is invalid only to the extent it removes the mandated minimum liability limits of auto liability coverage required in Texas under the Texas Motor Vehicle Safety-Responsibility Act. The family member exclusion of the Home State/Snap policy complies with *Sanford*, as it only excludes liability above the minimum

amounts required by Texas law. Thus, Ramirez would be an insured under the Home State/Snap liability policy, and would be an insured for bodily injury damages to Ortiz and Sky Ortiz up to the minimum limits of coverage required by Texas law. As the Home State/Snap policy was in effect at the time of the accident involved in this matter, Ramirez was insured up to the minimum limits of auto liability coverage required by Texas law under the Home State/Snap policy, so that no coverage would be provided by the Sentry policy to Ramirez because of the step down provision contained in the Sentry policy.

## SENTRY EXCESS/UMBRELLA COVERAGE

27.

The Sentry policy involved in this lawsuit also contains excess/umbrella coverage. Neither of those coverages would create a duty to defend or indemnify on Sentry's part to Ramirez as concerns the Underlying Lawsuit. The excess coverage only applies to an "occurrence" to which the "underlying insurance" applies. For all the reasons set forth above, the primary auto liability coverage of the Sentry policy would not apply because of the step down provision in the Sentry policy and the existence of the Home State/Snap policy which was in effect at the time of the auto accident involved in the Underlying Lawsuit. Since the primary auto liability coverage of the Sentry policy does not apply to Ramirez, neither would the excess coverage.

28.

No coverage would be provided to Ramirez under the excess coverage for the additional reason that he would not be an insured under the excess coverage. For liability arising out of the ownership, maintenance or use of an "auto", an insured for purposes of the excess coverage is only the Named Insured shown in the Declarations or a person scheduled in the Declarations as a

Designated Insured. Ramirez is neither the Named Insured on the Sentry policy, or a Designated Insured. Since Ramirez would not be an insured under the excess coverage as concerns the Underlying Lawsuit, Sentry would not owe any duty under the excess coverage to defend or indemnify Ramirez concerning the Underlying Lawsuit.

29.

The excess coverage of the Sentry policy excludes the following:

**1. No Underlying Insurance**

> "Bodily injury", "property damage", and "personal and advertising injury" or "error or omission" to which "underlying insurance" does not apply for any reason other than the exhaustion of the "underlying insurance" limits of liability.

The "underlying insurance" is the Sentry primary policy pled above. As no coverage exists under that policy as to Ramirez for the reasons set forth above, this exclusion would apply, so that Sentry would not owe any duty under the excess coverage to defend or indemnify Ramirez concerning the Underlying Lawsuit.

30.

Sentry would not owe a duty under the umbrella coverage to defend or indemnify Ramirez concerning the Underlying Lawsuit. This is because as concerns liability arising out of the ownership, maintenance or use of an "auto", the umbrella coverage only applies to a Named Insured shown in the Declarations of the Sentry policy. Ramirez is not a Named Insured under the Sentry policy, so no coverage would be provided to him under the umbrella coverage as concerns the Underlying Lawsuit. Therefore, Sentry would have no duty under the umbrella coverage to defend or indemnify Ramirez concerning the Underlying Lawsuit.

## APPLICABILITY OF EXTRINSIC EVIDENCE

31.

Sentry would show that extrinsic evidence would be available to show no duty to defend is owed by it to Ramirez, as evidence concerning the Home State/Snap policy, Ortiz's vehicle being repaired at the time of the auto accident involved in the Underlying Lawsuit, and Clark Knapp Honda being in the business of selling and servicing automobiles, would not contradict or conflict with the allegations asserted in the Underlying Lawsuit, and such evidence would go solely to the coverage issues pled above. Therefore, under the extrinsic evidence exception adopted by the Fifth Circuit, extrinsic evidence can be considered in determining whether Sentry owes any duty to defend Ramirez concerning the Underlying Lawsuit. Further, extrinsic evidence may be considered under the terms of the primary, excess and umbrella coverages of the Sentry policy, which contracts out of the eight corners rule and allows extrinsic evidence to be considered in determining the duty to defend.

## DECLARATORY RELIEF SOUGHT

32.

Sentry seeks declaratory judgment that it has no duty under the primary, excess or umbrella coverages of its Policy No. 25-40769-05 to defend Ramirez concerning the Underlying Lawsuit, or to indemnify him for any judgment or settlement reached in the Underlying Lawsuit. The same reasons pled above showing Ramirez would not be owed a defense by Sentry would likewise preclude any duty to indemnify on Sentry's part. Under Texas law, where the same reasons showing that an insurer owes no duty to defend show the insurer has no duty to indemnify, as is the case here, the duty to indemnify is ripe for adjudication. Accordingly, a declaratory judgment that Sentry does

not have a duty under Sentry Policy No. 25-40769-05 to indemnify Ramirez concerning the Underlying Lawsuit is ripe for adjudication and declaratory judgment finding no duty to indemnify should be entered in Sentry's favor.

33.

There exists an actual controversy between Plaintiff and Defendants within the jurisdiction of this Court involving the rights and liabilities under an insurance policy. This controversy may be determined by judgment of this Court, without other suit. As Ortiz is the party suing Ramirez, and as Home State and/or Snap provides the auto liability coverage to Ramirez, all of those parties would have a stake in this litigation, and would therefore be proper parties to this action, under Texas law and the Federal Declaratory Judgment Act.

WHEREFORE, Plaintiff, Sentry Select Insurance Company, prays:

A. This Court determine and adjudicate the liabilities of the parties herein with respect to the policies of insurance described in this complaint;

B. This Court find and declare that Sentry has no duty under its Policy No. 25-40769-05 to defend or indemnify Juan Antonio Ortiz Ramirez concerning the lawsuit filed against him, which lawsuit is Cause No. C-4004-16-G, entitled *Zusuky Ortiz and Sky Drem Ortiz v. Clark Knapp Motor Company, L.C. d/b/a Clark Knapp Honda et. al.*, which is currently pending in the 370th Judicial District Court of Hidalgo County, Texas;

C. That Sentry be awarded its costs of court; and

D. That Sentry be awarded such other and further relief to which it may be entitled, at law or at equity.

Respectfully submitted,

S/Russell J. Bowman
Russell J. Bowman, Attorney in Charge
Texas Bar No. 02751550
Southern District No. 20283
800 West Airport Freeway, Suite 860
Irving, Texas 75062
(214) 922-0220
(214) 922-0225 (FAX)
ATTORNEY FOR PLAINTIFF